**FRUEAUFF et al. v. WILLYS CORPORATION et al.**

**No. 5318.**

Circuit Court of Appeals, Sixth Circuit.

Jan. 9, 1931.

Thomas H. Tracy and George D. Welles, both of Toledo, Ohio (Tracy, Chapman & Welles and Frank M. Cobourn, all of Toledo, Ohio, on the brief), for appellants.

Boykin C. Wright, of New York City (Cotton & Franklin, Joseph P. Cotton, and Aldis H. Wurts, all of New York City, on the brief), for appellees.

Before DENISON and HICKENLOOPER, Circuit Judges, and TUTTLE, District Judge.

DENISON, Circuit Judge.

This case presents another claim for allowance of fees to counsel in the same Willys Corporation receivership involved in No. 5317, Tracy v. Willys Corp., 45 F.(2d) 485. The claimants, Messrs. Frucauff, Robinson & Sloan, were the New York associates of Messrs. Tracy, Chapman & Welles, of Toledo, though nominally solicitors for plaintiff in the ancillary suits. There were ancillary receiverships in the Northern and Southern districts of New York and in the district of New Jersey. A hostile receivership proceeding was filed in Delaware, and an involuntary bankruptcy petition in New York. In all these matters claimants rendered services of the type usually furnished by associate local counsel, who act under the general direction of foreign general counsel. For services in the Southern district of New York receivership, Judge Knox allowed to the claimants $7,500, and later an additional and final sum of $2,500. Specific payments aggregating about $6,500 have been made for services in the Northern district of New York and in New Jersey. An additional sum is now asked with general reference to all these services. In the court below, it was denied.

We think the situation is practically controlled by the action of the District Court in the Southern District of New York. Upon the second application therein made, these claimants presented, as a bill of particulars, their office memoranda for all services in all these matters. That they regarded them all as a unit is shown, not only by this inclusion, but by carrying them as charges against Mr. Caffey, the New York receiver, and by crediting thereon the $5,000 payment, which they had received particularly for their services in the Northern district. In his order of allowance Judge Knox said: "In so far as the estate being administered here is concerned, I am satisfied that the allowance of $7,500, originally made, together with a further allowance of $2,500, will adequately compensate applicants for what has here been done. Unless for unforeseen contingencies, the allowance of $2,500 now to be made will be final."

Excepting for the services rendered in the Northern New York and New Jersey districts, and covered by compensation received outside of the $10,000 total allowed by Judge Knox, and the two further exceptions to be mentioned, we find no services claimed which did not fairly pertain to the "estate being administered" in the Southern district. The chief item of available property was there situated; to this creditors were looking for their pay and stockholders for a surplus; that the jurisdiction of that court should be preserved over this property was vital to that administration. The adverse bankruptcy proceedings in the Eastern district and the attempt to get a hostile receivership in Delaware were attacks directly or indirectly upon the Southern New York administration; and there is no showing of service in these two matters of a character or amount to make them other than incidental to protecting the New York estate. They are therefore covered by Judge Knox's order. The services rendered after the date of that order are not shown to be beyond those which he had in contemplation by his express reference thereto.

The further exceptions above mentioned are: (1) The Delaware receivership carried a threat that it would supersede the Ohio court as being the court of primary jurisdiction; the co-operation with the Toledo solicitors in warding off this attack and keeping the Delaware receivership friendly, might deserve compensation from the Ohio court; but this feature is so interlaced with the simultaneous benefit to the New York administration, and is so unsupported by distinct proof of any substantial amount of service, that it does not make a satisfactory basis for a separate award. (2) The other exception is as to sending to all creditors a notice of a change in receivers. This service seems to have pertained to the three ancillary receiverships, as well as to the general one; but, if it were to be allocated in part to the latter, it appears to be clerical rather than legal, and does not support a substantial separate award.

Upon the whole case, we see no sufficient reason to conclude that the total sum of $16,500 was not a reasonably adequate compensation for what was done in all these matters. Nor can we think that this type of service is entitled to separate compensations, partly from the ancillary and partly from the general receivership. We do not interpret the various orders as creating any obligation to compensate these claimants out of the allow-

ances to the Toledo counsel, who had express authority to employ associate counsel at the expense of the estate; but we conclude that further liability against the estate does not sufficiently appear.

The order of the District Court is affirmed.